IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. E.W., a minor child, by and through their parents and next friends, Aaron Wilkens and Kendra Murrow<br><br>   Plaintiff,<br><br>v.<br><br>1. The City of Guymon, a municipal corporation, and Officer Doe, in their individual and official capacities<br><br>   Defendants. | Case No. CIV-24-900-R |

## COMPLAINT

**COMES NOW** the Plaintiff, E.W., a minor child, by and through their parents and next friends, Aaron Wilkens and Kendra Murrow, and for their Complaint against Defendants the City of Guymon and Officer Doe, alleges and states as follows:

### INTRODUCTION

1. Plaintiff brings this action for violations of 42 U.S.C. § 1983 and for negligence under the Oklahoma Government Tort Claims Act, 51 O.S. § 151 et. seq.

2. This is an action for injunctive relief and compensatory damages.

### THE PARTIES

3. Plaintiff is citizen of Kansas.

4. The City of Guymon is a municipal corporation, which is a citizen of Oklahoma where it is incorporated and where it keeps its principal place of business.

5. Officer Doe is an unknown individual believed to be a citizen of Oklahoma.

## JURISDICTION AND VENUE

6. The Court has federal question subject matter jurisdiction over the Plaintiff's 42 U.S.C. § 1983 claim. 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction over the state tort claim because it arises out of the same illegal conduct that the forms the basis of the federal claim. As such, the two claims are part of the same case and controversy. 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over the City of Guymon because it is a citizen of Oklahoma.

9. The Court has personal jurisdiction over Officer Doe because they are believed to be a citizen of Oklahoma. In the alternative, the Court has personal jurisdiction over Officer Doe because they purposefully directed the complained of conduct within Oklahoma.

10. Venue is appropriate in this district because the complained of conduct occurred in Texas County, Oklahoma. As such, a substantial part of the events giving rise to the claim occurred in the Western District of Oklahoma. 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

11. E.W. was 15 years old during the relevant time period.

12. E.W. suffers from intermittent explosive disorder. This condition causes him to have occasional mental health episodes. He also suffers from epilepsy.

13. E.W. previously lived at 1018 S. May Street in Guymon, near the the southern edge of town by Highway 136 with his siblings and parents.

14. On or around the afternoon of August 19th or 20th, 2023, E.W. had a mental health episode at home and ran away.

15. His mother called the police to have them help bring her son back. She advised the dispatcher of E.W.'s epilepsy and that he was having a mental health episode.

16. Officer Doe, an officer with the Guymon Police Department, responded. Officer Doe did not identify themself and the Department has not made the officer's name available to the Wilkens.

17. Officer Doe pulled over in their patrol car as E.W. was walking across an empty field near Highway 136. His father flagged the officer down to show where E.W. was.

18. Officer Doe, while uniformed, exited their patrol car and chased after E.W. as he was running away from them and away from nearby Highway 136 towards an open field.

19. Although E.W. was unarmed, was not suspected of any crime, did not pose any threat to Officer Doe, and did not pose a danger to himself, Officer Doe tackled and tased him with an electrical stun gun.

20. After tackling him, Officer Doe pinned E.W. to the ground and threatened to tase him again.

21. E.W. was then handcuffed for roughly the next eight hours while he was transported to the hospital, police station, and then the Texas County Detention Center.

22. Upon information and belief, E.W. is not the first minor that has been unlawfully tased by an officer employed by the City of Guymon. See *Erica Peace as Custodial Parent, Guardian, and Next Friend of Alex Rubio, a Minor v. City of Guymon*, CJ-2022-51, Texas County.

### COUNT I: Unlawful Arrest – Officer Doe

23. Under 42 U.S.C. § 1983, any person acting under color of law who deprives another of their Constitutional rights is liable to the injured party.

24. Officer Doe was acting under color of law when they arrested E.W. because they were uniformed, driving their patrol car, and were, presumably, on duty at the time.

25. Officer Doe's actions in tackling and pinning E.W. to the ground, the use of an electrical stun gun to immobilize him, the use of handcuffs against him, and transporting him to the Texas County Detention Center constitute a seizure of his person, without his consent, under the Fourth Amendment.

26. Officer Doe's actions violated E.W.'s right under the Fourth Amendment of the United States Constitution to be free from unlawful arrest because there was no probable cause to believe that E.W. had committed any crime.

27. It is well-established law that an officer must have probable cause to arrest an individual.

### COUNT II: Excessive Force – Officer Doe

28. Under 42 U.S.C. § 1983, any person acting under color of law who deprives another of their Constitutional rights is liable to the injured party.

29. Officer Doe was acting under color of law when they tackled and tased E.W. because they were uniformed, driving their patrol car, and were, presumably, on duty at the time.

30. Officer Doe's actions in tackling and pinning E.W. to the ground and the use of an electrical stun gun against him constitute a seizure of his person under the Fourth Amendment.

31. Officer Doe's actions violated E.W.'s right under the Fourth Amendment of the United States Constitution to be free from excessive force because Officer Doe's use of force against Plaintiff was not made incident to a legal duty.

32. In the alternative, Officer Doe's actions violated E.W.'s right under the Fourth Amendment of the United States Constitution to be free from excessive force because Officer Doe's use of force exceeded that which was reasonably necessary to effectuate the performance of any legal duty.

33. It is well-established law that an officer must only use force incident to the exercise of a legal duty and, even then, the officer must use no more force than reasonably necessary to effectuate the performance of that duty.

## COUNT III: Failure to Train – City of Guymon

34. When a municipality's training policy or custom is deliberately indifferent to the violation of a federal right that is likely to result from that inadequate training policy or custom, the municipality will be liable under 42 U.S.C. § 1983.

35. The City of Guymon's policy or custom of training its officers on the use of force and the deployment of electrical stun guns against minors, emotionally disturbed

persons, and fleeing persons are deficient because they have not prevented at least two incidents where the City's officers used excessive force against such categories of persons.

36. The injury caused by this policy – the violation of such persons' Fourth Amendment rights – is obvious and closely related to the policy because had Officer Doe been properly trained on the use of force in these common and reoccurring scenarios then they would have known it was completely inappropriate to tackle and tase a fleeing, emotionally disturbed minor who was not suspected of any crime.

37. The City's policy or custom was adopted with deliberate indifference to the injury because, based on a previous lawsuit, the City knew that this type of violation had occurred and yet it allowed this type of violation to occur again anyway.

38. The City knew to a moral certainty, based on past violations and common sense, that its officers will confront minors, emotionally disturbed persons, and fleeing persons.

39. This situation presents the City's officers with a difficult choice – what level of force to use when confronting these categories of persons – and additional training on this topic will make this choice less difficult because adequate training will inform the City's officers of when it is appropriate to use the level of force that Officer Doe employed and when it is inappropriate.

40. The wrong choice in this situation will frequently cause the deprivation of a citizen's constitutional rights because when one of the City's officers uses excessive force against a minor, an emotionally disturbed person, or a fleeing person, who is not suspected

of a crime and poses no danger to the officer, the excessive use of force necessarily deprives the victim of their Fourth Amendment rights.

### COUNT IV: Assault and Battery – City of Guymon

41. On or about December 6, 2023, Plaintiff, by and through his attorney, sent Notice to the City of Guymon of its Government Tort Claim pursuant to 51 O.S. § 156.

42. The City of Guymon, through the Oklahoma Mutual Assurance Group, acknowledged receipt of this Notice on December 12, 2023.

43. Under 51 O.S. § 157, the City had 90 days, or until March 11, 2024, to approve or deny the claim.

44. The City neither approved nor denied the claim within 90 days, which under 51 O.S. § 157, operated as an effective denial of the claim on the 91st day.

45. As of the time of filing, the City has still not approved or denied the Notice.

46. Plaintiff has timely filed this suit within 180 days of that effective denial.

47. The City is liable to Plaintiff for Officer Doe's assault and battery.

48. Officer Doe's use of force against Plaintiff was not made incident to a legal duty .

49. In the alternative, Officer Doe's use of force exceeded that which was reasonably necessary to effectuate the performance of any legal duty.

50. Officer Doe, in the performance of their duty as an employee of the City, acted with the intent of making harmful or offensive contact with E.W. when they purposefully tackled and tased him and Officer Doe's act resulted in harmful and offensive contact to E.W.

51. E.W. was caused to suffer fright and terror when he was tackled and tased.

**WHEREFORE**, Plaintiff prays for judgment against Defendants after trial by jury as follows:

1. An injunction against the City of Guymon requiring it to create and effectively implement a policy on training the officers of the Guymon Police Department in the use of force and deployment of electrical stun guns against minors, emotionally disturbed persons, and fleeing persons.

2. Compensatory damages against the City of Guymon for its failure to train and the assault and battery against E.W.;

3. Compensatory and punitive damages against Officer Doe, in their individual capacity, for the unlawful arrest of and excessive force used against E.W.;

4. Court costs;

5. Attorneys' fees; and,

6. Such other relief as may be deemed appropriate by the Court.

          **THE LAW OFFICE OF EVAN HUMPHREYS, PLLC**

          By:  /s/ Evan Humphreys
                Evan Humphreys, OBA #33008
                The Law Office of Evan Humphreys, PLLC
                PO Box 2221
                112 NE 4th Street
                Guymon, Oklahoma 73942-4315
                Phone: (580) 219-5700
                evan@guymonattorney.com

          **ATTORNEY FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**